IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL MALIK ALLAH, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 04-1197 |
| | ) | Judge Conti |
| PAUL J. EVANKO, et al., | ) | Magistrate Judge Mitchell |
| Defendants. | ) | |
| | ) | |

MEMORANDUM OPINION

Plaintiff, Michael Malik Allah, filed this civil rights action on August 11, 2004 against numerous defendants, officials of the Pennsylvania Department of Corrections, relating to conditions of his confinement within the Pennsylvania prison system. The case was dismissed on March 18, 2005, when the Court entered an order (Docket No. 65) adopting a Report and Recommendation that had been submitted by the undersigned on February 16, 2005 (Docket No. 59) and granting a motion to dismiss (Docket No. 2) that had been filed on behalf of all Defendants, concluding that Plaintiff failed to state a claim upon which relief could be granted.

On April 4, 2005, Plaintiff filed a notice of appeal (Docket No. 67) and the case remained at the Court of Appeals for the Third Circuit for some time. On May 11, 2010, the Court of Appeals entered an order (Docket No. 75) that granted a motion filed by the Defendants to remand the action to this Court to conduct an evidentiary hearing to determine whether this case was covered by a settlement agreement that Plaintiff entered into with Defendants on December 26, 2006.

Pursuant to that order, this Court scheduled an evidentiary hearing for June 16, 2010 at 9:30 a.m. Notice was sent to Plaintiff by regular and certified mail at his address of record: 630

Creekview Boulevard, Covington, Georgia 30016.  On June 14, 2010, Plaintiff contacted the Court by telephone, explained that he had not received notice of the hearing because he was no longer at the address in Georgia but had been made aware of the remand order by his counsel at the Court of Appeals and had called this Court's Clerk's Office and been informed of the hearing date.  Plaintiff notified the Court that his address was now 6310 Market Street, Upper Darby, Pennsylvania 19082, that he had certain medical problems that prevented him from being in Pittsburgh on June 16, 2010, and that he was requesting that the hearing be rescheduled.  The Court thereafter rescheduled the hearing for July 7, 2010 at 9:30 a.m. and mailed a copy of this order to Plaintiff at the address in Pennsylvania he had provided.  It is further noted that, on June 23, 2010, counsel for Defendants filed a "Trial Brief in Advance of Evidentiary Hearing - July 7, 2010" (Docket No. 79) and mailed a copy of this document to Plaintiff at the Pennsylvania address.

Nevertheless, on July 7, 2010, Plaintiff did not appear for the evidentiary hearing, nor did he contact the Court in any way to request that it be rescheduled or that he be allowed to participate by phone.  Kemal Alexander Mericli from the Office of the Attorney General appeared for the Defendants.  Attorney Mericli outlined the following history.  On December 22, 2006, the undersigned conducted a settlement conference on three civil rights cases Plaintiff had filed against various defendants: Civil Action Nos. 97-1796, 01-2360 and 04-1167.  Plaintiff was not physically present in Court but participated by phone (at his request).  The defendants in the cases were represented by Mariah Passarelli of the Attorney General's Office.

Attorney Mericli read the portion from the record wherein the Court advised Plaintiff that the agreement reached would involve "settlement of all these cases, as well as the plaintiff

waiving any claims he might have against the Department of Corrections or its prison officials, anything up until the time of his release from custody" ... in exchange for him receiving the sum of $1,500.00. (Docket No. 79 App. 2 at 25.) Plaintiff said "yes, sir." The Court then repeated that Plaintiff had agreed "to settle all three of the cases ... and waive any claims you might have against the Commonwealth, the prison, the prison authorities, the prison employees, through the time of your release from custody in exchange for $1,500" and Plaintiff again responded "yes, sir." (Id. at 26.)

Attorney Mericli then explained that, on December 26, 2006, Plaintiff signed the Settlement Agreement, which contained the following language:

> Mr. Allah, in consideration of this settlement agreement, agrees to sign the instant Settlement Agreement and a Release of Claims, which will discontinue the three actions listed above and bar Mr. Allah from pursuing any future litigation against the Department of Corrections or the Pennsylvania Board of Probation and Parole or their agents or assigns for any claim arising up to and including Mr. Allah's release from Department of Corrections custody.

(Id. at 19-20.) On that same date, he also signed a Release of Claims, which contained the following language:

> It is also agreed that this Release applies to any and all claims, injuries and damages, including those unknown and unanticipated arising or resulting from any incident, happening or event relating to my incarceration with the Department of Corrections up to and including the date that I was released from Department of Corrections' custody.

(Id. at 21.)

Viability of the Release

The Court of Appeals for the Third Circuit has stated that, although ordinarily contract principles govern the enforceability of a settlement agreement, "different rules govern our review

3

of cases in which a person allegedly waives civil rights claims. In such cases, we will inquire into the totality of the circumstances surrounding execution of the agreement, and we will decline to enforce the agreement unless its execution was knowing and voluntary." W.B. v. Matula, 67 F.3d 484, 497 (3d Cir. 1995) (citing Cirillo v. Arco Chem. Co., 862 F.2d 448, 451 (3d Cir. 1988); Coventry v. U.S. Steel Corp., 856 F.2d 514, 523-24 (3d Cir. 1988). The court stated that:

> We consider such factors as whether (1) the language of the agreement was clear and specific; (2) the consideration given in exchange for the waiver exceeded the relief to which the signer was already entitled by law; (3) the signer was represented by counsel; (4) the signer received an adequate explanation of the document; (5) the signer had time to reflect upon it; and (6) the signer understood its nature and scope. We may also look to whether there is evidence of fraud or undue influence, or whether enforcement of the agreement would be against the public interest.

Id. (citing Cirillo, 862 F.2d at 451; Coventry, 856 F.2d at 522-23).

The Court concludes that the language of the release was clear and specific, there is no evidence that the consideration given in exchange for the waiver exceeded the relief to which Plaintiff was entitled by law, he was not represented by counsel, but he had adequate time to review the matter and reflect upon the agreement prior to signing it. Plaintiff did not appear in Court to dispute these assertions, nor has he attempted to argue that the agreement was procured by fraud or undue influence or that enforcement would offend the public interest.

Attorney Mericli assumed for the purposes of argument that Plaintiff, if present, would contend that he did not intend to release the claims asserted in this case. However, Attorney Mericli argued, this argument would be unavailing because the settlement agreement and release broadly waived all claims Plaintiff had or could have brought against the Department of Corrections or its officials up to the time he was released. Attorney Mericli noted for the record

4

that this case, which was filed on August 11, 2004, was initiated prior to the time Plaintiff was released from Department of Corrections custody.

The Court concludes that Defendants have proved that the claims in this case are covered by the settlement agreement and release signed by Plaintiff on December 26, 2006. Although this case had been dismissed and was pending at the Court of Appeals as of April 4, 2005, it still contained claims relating to his conditions of confinement and was filed against Department of Corrections officials. Nothing prevented Plaintiff on December 26, 2006 from rejecting the release of the Department of Corrections and its officials from claims he then had, claims he had already presented which had been dismissed, or claims that he might have in the future in exchange for consideration. Rather, he affirmatively agreed to do so.

Pursuant to Local Rule 72(D)(2), Plaintiff has fourteen (14) days in which to file objections with the District Court from this Memorandum Opinion.

s/Robert C. Mitchell
Robert C. Mitchell
United States Magistrate Judge

Dated: July 7, 2010

cc: Michael Malik Allah
    6310 Market Street
    Upper Darby, PA 19082